IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TEX PAT, LLC,<br>    *Relator*,<br>v.<br>(1) KONINKLIJKE PHILIPS ELECTRONICS N.V., d/b/a ROYAL PHILIPS ELECTRONICS,<br>(2) PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br>(3) PHILIPS HEALTHCARE, f/k/a PHILIPS MEDICAL SYSTEMS N.A., and<br>(4) RESPIRONICS, INC.,  d/b/a PHILIPS RESPIRONICS,<br>    *Defendants*. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR FALSE PATENT MARKING**

Relator Tex Pat, LLC ("Relator") makes the following allegations against Koninklijke Philips Electronics N.V., d/b/a Royal Philips Electronics ("Philips") and related United States companies—Philips Electronics North America Corporation ("Philips USA"), Philips Healthcare, f/k/a Philips Medical Systems N.A. ("Philips USA Healthcare"), and Respironics, Inc., d/b/a Philips Respironics ("Respironics") (collectively, the "Philips Defendants" or "Defendants"):

**NATURE OF THE ACTION**

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

**PARTIES**

2. Relator is a Texas limited liability company having a principal place of business at 2300 Richmond Avenue, Suite 345, Houston, Texas 77098-3265. Relator has appointed Philip D. Racusin, Richmond Avenue, Suite 345, Houston, Texas 77098-3265, as its agent for service of process.

3. On information and belief, Philips is a Dutch company with its principal place of business at Breitner Center, Amstelplein, 2, Amsterdam, 1070MX, The Netherlands. Philips may be served at Breitner Center, Amstelplein, 2, Amsterdam, 1070MX, The Netherlands, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4. On information and belief, Philips USA is a Delaware corporation with its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810. Philips USA has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

5. On information and belief, Philips USA Healthcare is a division of Philips USA, which is a Delaware Corporation with its principal place of business at 3000 Minuteman Road, Andover, MA 01810. Philips USA has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

6. On information and belief, Respironics is a Delaware corporation with its principal place of business at 1010 Murry Ridge Lane, Murrysville, PA 15668. Respironics has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

9. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendants have and continue (and/or have and continue to cause others) to transact business in this District, and have and continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendants have and continue (and/or have and continue to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

**FACTS**

10. The Philips Defendants have and continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,944,306 ("the '306 Patent") and D254,443 ("the '443 Patent") (collectively, the "Philips Patents"), true and correct copies of which are attached as Exhibits A-B, respectively, in connection with the Philips products, including, by way of example only, the Assess® Peak Flow Meter - Full Range and Assess® Peak Flow Meter - Low Range products (collectively, the "Philips Products"), as illustrated in Exhibit C-D, respectively.

11. The '306 Patent (Exhibit A), which is titled "Spirometer for Pulmonary Measurement," was filed in the United States on October 11, 1989 and issued on July 31,

1990.  The application for the '306 Patent is a continuation of S/N 107,878, filed October 13, 1987, which is a continuation of S/N 912,642, filed September 29, 1986, which is a continuation of S/N 715,563, filed March 25, 1985.

12. The '306 Patent expired, at the very latest, on July 31, 2007.

13. The '443 Patent (Exhibit B), which is titled "Peak Expiratory Flow Meter or Similar Article," was filed in the United States and issued on March 11, 1980.

14. The '443 Patent expired, at the very latest, on March 11, 1994.

15. When the Philips Patents expired, all future rights in those patents ceased to exist.

16. Subsequent to expiration of the Philips Patents, the Philips Defendants have and continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising the Philips Patents in combination with the Philips Products.  *See e.g.,* Exhibits C-D (bearing copyright dates of 2007 on instruction manuals—available on the Philips Defendants' website at the time of filing this original complaint[1]—for the Philips Products, and marking, affixing, and/or advertising the Philips Patents).

17. The Philips Defendants have decades of experience applying for, obtaining, licensing, and/or litigating patents.  *See, e.g.*, Exhibit E at p. 101 (providing in the Philip Defendants' 2009 Annual Report that "Philips' IP portfolio currently consists of about 48,000 patent rights . . . [and] 56,000 design rights . . . .  Philips filed approximately 1,550 patents in 2009 with a strong focus on the growth areas in health and well-being").

---

[1] *See* The Philip Defendants' website, last visited on July 18, 2010, at
(1) http://global.respironics.com/UserGuides/AssessFull.pdf and
(2) http://global.respironics.com/UserGuides/AssessLow.pdf.

18. The Philips Defendants are large, sophisticated companies. *See, e.g.*, Exhibit E at p. 83 ("At the end of 2009, Philips had 127 production sites in 29 countries, sales and service outlets in approximately 100 countries, and 115,924 employees.").

19. The Philips Defendants have, or routinely retain, sophisticated legal counsel. *See, e.g.*, Exhibit F (noting subsidiary Respironics' general counsel)

20. The Philips Defendants know, and at the very least reasonably should know, that the expired Philips Patents do not cover the Philips Products, or any products whatsoever.

21. As a result of their false marking, affixing, and/or advertising, the Philips Defendants have injured the United States Government, including its sovereign interest, and the Philip Defendants' existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense of enforcement. *See, e.g.*, Exhibit E at p. 107 (declaring in the Philip Defendants' 2009 Annual Report that "[t]he IP portfolio results from an extensive patenting process that could be influenced by, amongst other things, innovation. The value of the IP portfolio is dependent on the successful promotion and market acceptance of standards developed or co-developed by Philips").

## CLAIM

22. Relator incorporates paragraphs 1–21 as if fully set forth herein. The Philips Defendants have violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising their products, including the Philips Products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendants have falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e). An injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f). Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 19, 2010                                  Respectfully submitted,

By: /s/ Hao Ni

-7-

        Hao Ni – LEAD COUNSEL
        State Bar No. 24047205
        Ni Law Firm PLLC
        3102 Maple Avenue, Suite 400
        Dallas, TX 75201
        (214) 800-2208
        hni@nilawfirm.com

        Tyler K. Brochstein
        State Bar No. 24059490
        Brochstein Law Firm, PLLC
        2820 McKinnon Street, Suite 4063
        Dallas, TX 75201
        (214) 444-3310
        tyler@brochlaw.com

        Jack L. Siegel
        State Bar No. 24070621
        Jack L. Siegel PLLC
        3530 Travis Street, Suite 421
        Dallas, TX 75204
        (214) 699-1498
        jack@jlsiegellaw.com

        **Attorneys for Relator**
        **TEX PAT, LLC**